BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JOSEPH M. ALIOTO JR. (CABN 215544)
WILLIAM J. EDELMAN (CABN 285177)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    william.edelman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-17-00068-EJD-3 |
| Plaintiff, | [~~PROPOSED~~] ORDER OF DETENTION OF DEFENDANT ISMAEL ALVARENGA-RIVERA |
| v. | |
| ISMAEL ALVARENGA-RIVERA, | |
| Defendant. | |

    The defendant Ismael Alvarenga-Rivera came before this Court on March 8, 2017, for a further detention hearing. The matter had been continued from a previous detention hearing held before the Honorable Susan van Keulen, Magistrate Judge, on February 24, 2017. On both dates, the defendant was present and represented by his counsel, Vicki Young, and assisted by a Spanish-language interpreter. Assistant United States Attorney William J. Edelman represented the United States.

[PROPOSED] DETENTION ORDER
NO. CR 17-00068-EJD-3                 1

The government requested detention, submitting that no condition or combination of conditions would assure the defendant's appearance or reasonably assure the safety of the community. Pretrial Services submitted a report recommending release on conditions.

Upon consideration of the Pretrial Services report, the court file, and the party proffers as discussed below, the Court finds on the present record by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, and also finds by a preponderance of the evidence that no condition or combination of conditions would assure the defendant's appearance. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Ismael Alvarenga Rivera is charged in an indictment with a violation of Title 18, United States Code, Section 1951(a)—Conspiracy to Commit Extortion by Force. The government's proffer included the following:

- The pending indictment arises out of a multi-year investigation of an MS-13 gang clique operating in the Santa Cruz area. MS-13 is a notoriously violent street gang that prides itself and operates based on its reputation for violence. The government's investigation

   includes surreptitious records of the defendant and fellow alleged gang members holding formal gang meetings and discussing gang business.

- The defendant was the leader of the MS-13 clique for an approximately two-year period ending in approximately 2012. As a leader, defendant was responsible for coordinating and communicating with other MS-13 cliques locally and internationally.

- More recently, the defendant was an organizer of the gang's extortion operations, which generally involved extorting drug dealers who were selling drugs on "turf" claimed by the MS-13 gang. As an organizer, defendant communicated with victims, scheduled extortion payments, and either himself accepted the payments or delegated that task to other gang members.

- During gang meetings, the defendant urged violence, including murder, and discussed specific plans for who would conduct attacks on perceived rivals and what role each person would play in the attack.

- Defendant had a reputation for having access to and regularly carrying a firearm. Defendant was arrested in February 2015 in a vehicle stopped leaving a gang meeting in which there were three MS-13 gang members and two loaded firearms discovered in the vehicle.

- Defendant personally imposed "discipline" on fellow gang members during gang meetings by, along with other gang members, physically assaulting the rule violator for approximately thirteen seconds as punishment for the infraction.

- Defendant recently sponsored a new member into the gang.

The government's proffer and Pretrial Services report also reflect that the defendant is not a United States citizen, has ties to El Salvador, has a prior arrest in 2001 for failing to appear, and during his arrest in the instant matter, refused to comply with arresting officers and spent approximately twenty minutes barricaded in a bathroom before being taken into custody. Defendant's criminal history report reflects two DUI convictions, an arrest in 2001 for assault with a deadly weapon, and two misdemeanor

arrests in 2004.   Defendant was on probation for his DUI convictions for some of the period he was participating in the gang business described in the government's proffer.

The defendant did not proffer that any of the government's representations above were inaccurate.

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the community's safety: Defendant's leadership role in a violent gang with ties to a larger network of MS-13 gang members, as well as his specific activities described by the government involving violence and threats of violence.

In considering all of the facts and proffers presented at the hearing, on the present record the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the defendant's appearance as required: First, Defendant's history of proffered criminal activity while on supervision, his prior failure to appear, and his noncompliant conduct during arrest.  Second, Defendant's lack of United States citizenship and ties to El Salvador.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

[PROPOSED] DETENTION ORDER
NO. CR 17-00068-EJD-3                             4

1 | Dated: March 9, 2017

2

3 | _____
HON. HOWARD R. LLOYD
4 | United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] DETENTION ORDER
NO. CR 17-00068-EJD-3                5